UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION


ROBERT PAUL MCLEAN,

        **Plaintiff,**

v.                                     **CASE NO. 3:12-cv-566-DJH-CHL**

ALERE, INC.,

        **Defendant**


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions for contempt (DN 44; DN 45) filed by Plaintiff Robert Paul McLean ("McLean") on May 22, 2014.  The Court addresses both motions herein as they relate to the same set of allegations.

In his first motion ("Alere Motion") (DN 44), McLean requests that the Court hold Defendant Alere, Inc. ("Alere") in contempt for Alere's counsel's interference with the scheduling of a deposition of witness Michael Scott Stanley ("Stanley"), as well as for Alere's counsel's failure to appear for Stanley's deposition as scheduled by McLean's counsel.  Alere filed a response (DN 47) on June 16, 2014, and McLean filed a reply (DN 49) on June 30, 2014.

In his second motion ("Stanley Motion") (DN 45), McLean requests that the Court hold Stanley in contempt for failing to appear for his deposition despite having been personally served with a subpoena.  (*See* DN 45-1.)  McLean further requests that the Court direct that his costs associated with a would-be deposition of Stanley be paid by McLean and/or Stanley.  As it appeared to the Court that Stanley was never served with the Stanley Motion, the Court ordered McLean to serve the motion on Stanley.  (DN 74.)  The Court further ordered Stanley to show cause as to why he should not be held in contempt for failure to obey a subpoena.  (*Id.* at 2.)

Stanley timely filed a response on March 16, 2015. (DN 77.) McLean then filed a reply in support of the Stanley Motion. (DN 80.) Both motions for contempt (DN 44; DN 45) are now ripe for review.

## BACKGROUND

### A. McLean's Motions for Contempt

The motions for contempt (DN 44; DN 45), and their respective exhibits, are nearly identical. In both motions, McLean alleges that Stanley failed to appear for a deposition despite being properly served with a subpoena. (*See* DN 44-1; DN 45-1 (copy of subpoena).) Stanley is not an Alere employee, but his wife, Jill Lee ("Lee"), is employed by Alere. McLean alleges that Stanley was a "topic of discussion" in two early depositions of fact witnesses and is referenced in documents produced by Alere during discovery. (DN 44 at 2; DN 45 at 2.)

On March 19, 2014, McLean conducted a deposition of Lee at the offices of McLean's counsel. (DN 44 at 2; DN 45 at 2.) Stanley sat in the reception area of the law office for the duration of the deposition. (DN 44 at 2; DN 45 at 2.) According to McLean, upon confirming Alere's counsel's availability for a deposition on May 14, 2014, staff for McLean's counsel prepared a subpoena and deposition notice and personally served Stanley with the same. (DN 44 at 2-3; DN 44-1; DN 45 at 2-3; DN 45-1.) McLean alleges that when Lee's deposition adjourned on March 19, 2014, Alere's counsel "conferred with Mr. Stanley and subsequently informed [McLean]'s counsel on Mr. Stanley's behalf that Mr. Stanley did not find the date of May 14, 2014 convenient for his deposition." (DN 44 at 4; DN 45 at 4.) Neither Stanley nor counsel for Alere suggested an alternative date and, when Stanley departed the law office, he left the subpoena in the reception area. (DN 44 at 4; DN 45 at 4.)

In the days following Lee's March 19, 2014 deposition, Alere's counsel stated that he would not make available for depositions any more Alere witnesses, or conduct a deposition of McLean, until existing discovery disputes had been resolved.  (DN 44, p. 4; DN 45, p. 4; *see, e.g.*, DN 44-2 at 7, DN 45-2 at 7.)  McLean contends that several e-mails and a letter sent by his counsel to Alere's counsel in March and April of 2014 demonstrate McLean's efforts to confirm that Stanley's deposition would be held on May 14, 2014, as well as Alere's counsel's refusal to confirm as much.  (DN 44 at 4-5; DN 44-2; DN 44-3; DN 45 at 4-5; DN 45-2; DN 45-3.)  The most direct communication provided to the Court is an e-mail sent by McLean's counsel to Alere's counsel on March 24, 2014 ("March 24, 2014 E-Mail").  The March 24, 2014 E-Mail provides as follows:

> You stated that you had May 6, 7, 13, 14, and 15 available.  As you know, Mr. Stanley was served while he was accompanying his wife, Ms. Lee, at our office.  The date on his subpoena is Wednesday, May 14, 2014.  While we are happy to arrange another date for him if that date is truly unworkable, we will expect him on that date unless and until we hear from him and are able to confirm a replacement date.  Since he was duly served, but then chose to leave his subpoena at our offices, we suspect he does not fully appreciate the significance of the subpoena or the Court's authority to enforce it.  We further suspect that he may not know that he could be liable for sanction if he just fails to show for his deposition, and fails to work with us to make other arrangements.  We will communicate with him directly this week,[1] unless you can confirm that you have been authorized by him to act on his behalf regarding the scheduling of this deposition – or we hear from other counsel on his behalf.

(DN 44-2 at 3; DN 44-2 at 3.)

McLean contends that the lack of communication by Alere's counsel regarding Stanley's deposition date was disingenuous.  "Certainly," McLean contends, Alere's counsel "remains in touch with Mr. Stanley's wife regarding her unfinished deposition, and certainly Mr. Stanley, his

---

[1]      The Court is not aware of any communications or attempts to communicate with Stanley by McLean's counsel.

wife, and [Alere's counsel] conferred about the deposition subpoena served upon Mr. Stanley."
(DN 44 at; DN 45 at 4.)

On May 14, 2014 at 9:30 a.m., McLean, his counsel, members of counsel's support staff,
and a court reporter convened for a deposition of Stanley consistent with the subpoena.  (DN 44
at 5; DN 45 at 5; DN 44-1; DN 45-1.)  McLean's counsel went on the record to state that neither
Stanley nor Alere's counsel had appeared.  (DN 44-4 at 2 (Tr. at 3); DN 45-4 at 2 (Tr. at 3).)  An
employee of McLean's counsel's law firm testified that he served the subpoena on Stanley while
Stanley waited in the law office.  (DN 44-4 at 3-4 (Tr. at 7-9); DN 45-4 at 3-4 (Tr. at 7-9).)
McLean's counsel closed by stating that McLean intended to seek sanctions against Stanley and
Alere.  (DN 44-4 at 4 (Tr. at 9); DN 45-4 at 4 (Tr. at 9).)

McLean requests that the Court hold both Alere and Stanley in contempt and order
Stanley to appear for a deposition.  He further requests that the Court order either Alere or
Stanley to reimburse him for his costs associated with the deposition of Stanley, or, in the
alternative, that costs be allocated between Alere and Stanley.

## B.  Alere's Response

On June 16, 2014, Alere filed a Response (DN 47) to the Alere Motion.  Alere
characterizes the Alere Motion as a thinly-veiled attempt by McLean to "divert attention and
resources" from ongoing discovery disputes.  (DN 47 at 1.)  Alere concurs with McLean's
representation of the circumstances surrounding service of Stanley, but maintains that upon
learning that Stanley would be out of town on May 14, 2014,[2] its counsel informed McLean's
counsel of the same.  (*Id.* at 1-2.)  Alere's counsel asserts that he "specifically instructed"
McLean's counsel that he did not represent Stanley "in any capacity" and relayed to him

---

[2]      Alere contends that its counsel told McLean's counsel that Stanley would be out of state on the date set for
the deposition, and *not* that the date was not "convenient" for Stanley.  (DN 47 at 6.)

Stanley's unavailability simply as a courtesy. (*Id.* at 2.) McLean did not request an alternate date for a deposition of Stanley even as Stanley sat in McLean's counsel's reception area for over two hours after stating that he was not available on the date set by McLean. (*Id.* at 3.)

Alere emphasizes that it made clear its objection to holding additional depositions until it was satisfied that McLean had supplemented in full his responses to Alere's discovery requests. (DN 47 at 3-4; DN 47-1.) Alere disputes McLean's assertion that Alere did not respond to McLean's counsel's attempts to reschedule Stanley's deposition, pointing to at least one e-mail in which Alere's counsel attempted to schedule a telephone call to discuss written discovery and depositions. (DN 47 at 4 (citing DN 47-2).) Alere was not aware that McLean's counsel attempted to hold a deposition of Stanley until the motions for contempt were filed. (DN 47 at 5.) Alere contends that McLean's counsel "engaged in a charade of conducting a deposition" without notifying Stanley or Alere that he intended to conduct the deposition. (DN 47 at 6-7.)

Alere also argues that the Court should deny the Alere Motion because McLean failed to comply with the requirements of Local Rule 37.1. (DN 47 at 5.) LR 37.1 requires that prior to filing a discovery motion, counsel must "make a good faith effort to resolve extrajudicially any dispute relating to discovery." LR 37.1. The Court will not entertain discovery motions unless the parties have conferred or attempted to confer to resolve their dispute. *Id.* Here, Alere contends, McLean failed to confer or attempt to confer with Alere prior to filing the Alere Motion or to certify as much in filing the motion with the Court. (DN 47 at 5-6.)

## C. McLean's Reply Regarding Alere Motion

McLean filed a reply (DN 49) in support of the Alere Motion. McLean asserts that Alere has not provided, and cannot provide, any writing in which its counsel stated that he would not be present on the date set for Stanley's deposition. (DN 49 at 3.) McLean contends that far from

making it clear that he did not represent Stanley, Alere's counsel actually invited Stanley to attend Lee's deposition, and Alere's counsel stated that he would obtain alternate deposition dates from Stanley.  (DN 49 at 4.)

McLean alleges that both Stanley and Alere failed to give due consideration to the effect of a subpoena.  (DN 49 at 4-6.)  McLean argues that it is the responsibility of the recipient, not the party serving the subpoena, to attempt to reschedule a deposition.  (DN 49 at 4-6.)  Finally, McLean argues that this is not a discovery dispute, but rather, it is a motion for contempt, and therefore, the requirements of LR 37.1 do not apply.  (DN 49 at 6-7.)

### D.  Stanley's Response

As noted above, the Court entered an Order (DN 74) requiring McLean to serve Stanley with the Stanley Motion (DN 45) and ordering Stanley to show cause as to why he should not be held in contempt for failure to comply with the subpoena.  Stanley filed a timely response.  (DN 77.)  In his response, Stanley asserts that he was not aware of the Stanley Motion until it was served on him by mail pursuant to the Court's Order.  Stanley states that on the date he was served with the deposition subpoena, he informed counsel for both McLean and Alere that he could not attend the deposition on the stated date because "he would be out of state attending a mandatory National Sales Meeting with his company[.]"  (DN 77 at 1.)  He has not heard from either party's attorneys since Lee's deposition on March 19, 2014.  (*Id.*)  Stanley asks the Court not to hold him in contempt and requests that he not be ordered to pay costs related to the would-be deposition.  (*Id.*)  Finally, Stanley states that he "will certainly be available to [McLean] to fulfill his obligation" to participate in a deposition.  (*Id.* at 2.)

### E.  McLean's Reply Regarding Stanley Motion

Finally, McLean filed a reply to Stanley's response.  (DN 80.)  McLean's reply is

essentially a restatement of his arguments in the motions for contempt, but he does inform the Court that in March 2015, Stanley called McLean's counsel's law firm to discuss rescheduling his deposition. (DN 80 at 1.) McLean disputes Stanley's statement that he notified counsel for both parties that on the deposition date chosen by McLean he would be out of state for a national meeting required by his employer. (*Id.* at 2.) McLean argues that once valid service of the subpoena was effectuated, the burden was on Stanley to fulfill his obligations pursuant to the subpoena, and that McLean and his counsel had no duty to ensure that the deposition would be held on a date convenient to Stanley.[3] (*Id.* at 4-5.)

<strong><u>DISCUSSION</u></strong>

**A. <u>The Stanley Motion</u>**

Rule 45 of the Federal Rules of Civil Procedure defines subpoena practice in civil litigation in the federal courts. Pursuant to Rule 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Stanley admits that he was served with a deposition subpoena during his time in the offices of Alere's counsel on March 19, 2014. He does not argue that there was a defect related to the form, content, or service of the subpoena. *See generally* Fed. R. Civ. P. 45(a), (b). Moreover, Stanley did not file a motion with the Court to quash or modify the subpoena. *See id.* at (d)(3).

It is essential that Stanley be mindful of his obligations pursuant to any subpoena that is properly served on him in this or any other case. The dictates of Rule 45 apply with equal force to Stanley as they would to a party to this action. Moreover, the fact that the subpoena was

---

[3]   The Court was dismayed to discover that McLean's reply (DN 80) contains disparaging remarks related to Stanley's personal life. These remarks amount to an irrelevant personal attack on a nonparty witness. They have no place in the public record of this case. For these reasons, the Court orders that the entire paragraph beginning on page 2 of McLean's reply (DN 80) and ending on page 3 be redacted. No party shall reference the redacted portion of the reply in any future filings.

issued by an attorney rather than the Court is irrelevant.  A subpoena may be issued by the clerk

of the court where the action is pending, *or* "[a]n attorney also may issue and sign a subpoena if

the attorney is authorized to practice in the issuing court."  Fed. R. Civ. P. 45(a)(3).  Upon being

served with the subpoena and realizing that the date chosen by McLean conflicted with a work

obligation, it was incumbent upon Stanley to notify McLean's counsel of the conflict and suggest

alternative dates.  Stanley was free to make such arrangements on his own or to seek the

assistance of counsel to ensure that he fulfilled his duties pursuant to the subpoena.  The Court

finds that Stanley failed to satisfy his obligations, pursuant to Rule 45, to comply with the

deposition subpoena.

The Court further finds, however, that Stanley's representations regarding the subpoena

are credible.  Specifically, the Court accepts Stanley's statement that he notified counsel for both

McLean and Alere on March 19, 2014 that he would be unavailable on the date designated by

McLean due to certain professional obligations.  (DN 77 at 1.)  The Court finds credible

Stanley's statement that he did not communicate with counsel for either party between the date

on which he was served with the subpoena and the date on which he was served with the Stanley

Motion, and that he was not aware of the existence of the motion until it was served upon him as

a result of the Court's Order of March 2, 2015.  (DN 77 at 2; DN 74.)  Moreover, Stanley has

represented to the Court that he "will certainly be available to [McLean] to fulfill his obligation"

on a future date.[4]  (DN 77 at 2.)

In this case, after learning that Stanley could not (or, according to McLean, was simply

unwilling to) appear for the deposition as scheduled, McLean's counsel chose not to contact

---

[4]      The Court hastens to note the insufficiency of Stanley's statement that he will be available for a deposition "should he be deposed on a date/time in advance to avoid his own obligations of his profession."  (DN 77 at 2.) While the party issuing a subpoena and the subject of the subpoena should work together to find a date that is amenable to both parties, McLean's obligations in that regard are not infinite.

Stanley, a nonparty who was not represented by counsel for Alere, to reschedule.  The Court

believes that McLean's counsel knew or should have known that Stanley would not appear for

the deposition as scheduled.  McLean's counsel nevertheless convened the deposition, during

which he which he put on the record his accusations—running to almost four pages in the

transcript and substantially mirroring the Alere and Stanley Motions—regarding Stanley's

nonappearance.  (DN 44-4; DN 45-4.)  He then purported to depose his own employee, Gary

Young.  There is no indication that Alere was given notice of any deposition of Gary Young.

McLean's counsel closed by making disparaging remarks about counsel for Alere.

The Advisory Committee Notes on the 2013 amendments to Rule 45 provide as follows

with respect to subdivision (g):

> [Rule 45(g)] is . . . amended to clarify that contempt sanctions may
> be applied to a person who disobeys a subpoena-related order, as
> well as one who fails entirely to obey a subpoena.  *In civil*
> *litigation, it would be rare for a court to use contempt sanctions*
> *without first ordering compliance with a subpoena, and the order*
> *might not require all the compliance sought by the subpoena.*
> Often contempt proceedings will be initiated by an order to show
> cause, and an order to comply or be held in contempt may modify
> the subpoena's command.  Disobedience of such an order may be
> treated as contempt.

Fed. R. Civ. P. 45 Advisory Committee Note (2013) (emphasis added).  Here, rather than contact

Stanley or Alere's counsel, and rather than seek the Court's assistance to enforce the subpoena,

McLean's counsel affirmatively chose to conduct the would-be deposition and file the motions

for contempt.

The Court finds that McLean has not been prejudiced in relation to the events

surrounding the deposition subpoena.  On February 26, 2015, the Court entered an order (DN 73)

staying all discovery and case management deadlines in this case pending resolution of a number

of submitted motions.  When the stay is lifted, McLean will have an opportunity to depose

Stanley and conduct any related discovery.  Practically speaking, discovery in this case has been stalled since at least mid-2014 due to ongoing disagreements between counsel, and therefore, the delay to McLean's deposition of Stanley has not been to McLean's detriment.  McLean's counsel knew or should have known that Stanley would not appear on the scheduled deposition date, so any expense incurred in the deposition (at which counsel had five other people in attendance) was incurred at McLean's own risk.  This situation simply does not rise to a level that would entitle McLean to a finding of contempt or an award of costs.  *See, e.g.*, *Kendall v. Sevier County*, 2013 U.S. Dist. LEXIS 86019, *7-10 (E.D. Tenn. 2013) (denying defendant's motion to dismiss but awarding attorney's fees and costs due to plaintiff's failure to appear for three scheduled depositions, finding that plaintiff's actions demonstrated "a high level of irresponsibility and lack of consideration" but not bad faith or willfulness).

For the foregoing reasons, the Court will not hold Stanley in contempt or order him to share in any costs associated with the would-be deposition.

**B.  The Alere Motion**

The thrust of the Alere Motion (DN 44) is that Alere's counsel should have ensured that Stanley complied with the subpoena.  McLean alleges that Alere's counsel advised Stanley with respect to his response to the deposition subpoena and then, like Stanley, counsel failed to appear for the deposition.  Alere maintains that at no time did its counsel represent Stanley.  Moreover, its counsel clearly communicated to McLean's counsel that Stanley was not represented by counsel for Alere.  Additionally, Alere's counsel repeatedly informed McLean's counsel of Alere's position that it would not participate in any depositions until certain ongoing discovery disputes were resolved.

10

The Alere Motion (DN 44) is replete with misleading descriptions of events and allegations lacking full support.  For example, the opening paragraph of the motion states that Alere should be held in contempt for its counsel "inappropriately interfering in the scheduling of a deposition of a witness."  (DN 44 at 1.)  However, nowhere in the body of the motion does McLean provide factual support for the allegation of interference with scheduling.  To take but one more example, the heading at Roman Numeral II provides as follows: "Alere's Counsel Confirmed His Availability for the Deposition of Mr. Stanley."  (DN 44 at 3.)  This heading is belied by the text that follows, which states that prior to Lee's deposition, "Plaintiff confirmed Alere's counsel's availability for depositions on various dates including [the date on the Stanley deposition subpoena]."  *Id.*  Following this conversation between counsel, McLean's counsel's staff prepared and served the deposition subpoena.  *Id.*  This description of events does not support McLean's claim that Alere's counsel confirmed his availability for the deposition *of Stanley*, but rather, it suggests that Alere's counsel merely agreed to the potential scheduling *of a deposition* on that date.  Once it became clear that the person to be deposed on that date was not an Alere employee, Alere's counsel had no obligation to appear.

Notably, the Alere Motion does not contain citations to any legal authority that would support a finding of contempt against Alere or its counsel.  Indeed, as the deposition subpoena was directed to Stanley, a nonparty and non-employee of Alere, the mandates of Rule 45 regarding subpoenas have no bearing on the Alere Motion.  It would likewise be inappropriate to sanction Alere pursuant to Rule 37 of the Federal Rules of Civil Procedure, as Alere is not responsible for the conduct of nonparty, non-employee Stanley.  *See* Fed. R. Civ. P. 37(b) (setting forth sanctions that may be levied by the Court for failure to comply with a court order related to discovery).

With that said, the Court will take this opportunity to remind counsel for both parties of the importance of communicating with one another in good faith. Alere's counsel was aware that Stanley was served with the deposition subpoena and that Stanley was unavailable on the date chosen by McLean. Alere's counsel also knew that McLean's counsel intended to go forward with the deposition. It would have been appropriate for Alere's counsel to notify Stanley, perhaps through Alere employee Lee, of McLean's counsel's continued requests for a deposition date. Simply forwarding such communications to Stanley would not have established an attorney-client relationship between Alere's counsel and Stanley. Indeed, doing so may have functioned as a showing of good faith in this contentious case. In the end, however, there is simply not a sufficient basis to hold in contempt Alere or its counsel. For these reasons, the Court will not hold Alere in contempt or order it to share in any costs associated with the would-be deposition of Stanley.

Accordingly, IT IS HEREBY ORDERED:

(1)    McLean's Motion to Hold Defendant Alere, Inc. in Contempt (DN 44) is DENIED.

(2)    McLean's Motion to Hold Michael Scott Stanley in Contempt (DN 45) is DENIED.

(3)    McLean is responsible for any and all costs he incurred in relation to the would-be deposition of Stanley.

(4)    The entire paragraph beginning on page 2 of DN 80 and ending on page 3 shall be REDACTED. No party shall reference the redacted portion of DN 80 in any future filings.

(5)     In the event that McLean subpoenas Stanley subsequent to the Court lifting the stay now in effect in this case, Stanley shall comply fully with the dictates of Fed. R. Civ. P. 45 and all other applicable Federal Rules of Civil Procedure, local rules, and Orders of the Court. Stanley shall be mindful of the Court's sanctioning power, specifically pursuant to Fed. R. Civ. P. 37(b) and 45(g).

cc:     Counsel of record