UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ROBERT PAUL McLEAN,

      Plaintiff,

v.                            CASE NO. 3:12-CV-566-DJH

  ALERE INC.,

      Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Defendant Alere, Inc. ("Alere") for leave to amend its answer ("Motion to Amend") (DN 68) to the complaint (DN 1-1 at 2-6) filed by Plaintiff Robert Paul McLean ("McLean").  McLean did not file a response to the Motion to Amend.  Alere seeks to add counterclaims against McLean and third-party claims against goMedco, LLC ("goMedco"), a limited liability company to which McLean is connected.  For the following reasons, Alere's Motion to Amend is GRANTED.

### Background

Alere has filed its proposed amended answer, with counterclaims and third-party claims, as an exhibit to the Motion to Amend.  (DN 68-1.)  Alere seeks leave to amend its answer (DN 6), which was filed on September 18, 2012, in order to assert four new claims: (1) a counterclaim against McLean for breach of contract; (2) a counterclaim against McLean for violation of the Kentucky Uniform Trade Secrets Act, KRS 365.880 through 365.900; (3) a counterclaim against McLean and third-party claim against goMedco for conversion; and (4) a third-party claim against goMedco for tortious interference with contract and business relations.  According to Alere, goMedco is a Kentucky limited liability company organized by McLean and his wife.

(DN 68-1 at ¶ 9.)  McLean and his wife are the sole members of goMedco; McLean is managing member and president and his wife is secretary-treasurer.  (*Id.* at ¶ 34.)

## Legal Standard

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings.  A party may amend a pleading once as a matter of course within 21 days of serving it, or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B).  After the time in which one may amend a pleading as a matter of course has passed, pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The Court "should freely give leave when justice so requires."  *Id.*

A more stringent standard applies when a party seeks leave to amend after the expiration of the deadline set by the Court for amendment of pleadings.  "Once the scheduling order's deadline passes, a [party] first must show good cause under Rule 16(b) [of the Federal Rules of Civil Procedure] for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15[]."  *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").  In determining whether good cause exists, the Court considers two factors. First, the Court considers whether the movant has exhibited diligence in attempting to meet the scheduling order's requirements.  *Id.* at 906.  Second, "a determination of the potential prejudice to the nonmovant is also required . . . ."  *Id.* at 909 (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)) (additional citations omitted); *see also Wilson v. Wal-Mart Stores East, LP*,

2013 U.S. Dist. LEXIS 81583, *9-12 (W.D. Ky. 2013) (applying standard set forth in *Leary* and denying motion for leave to amend due to movant's failure to offer any evidence demonstrating diligence in attempting to meet deadline set in case management order).

<u>Analysis</u>

Alere concedes that the deadline set by the Court for amendments of pleadings has passed.  (DN 68 at 17.  Alere filed the Motion to Amend (DN 68) on February 2, 2015, more than two years after the deadline for amendment of pleadings set by the Court.  (*See* DN 14 at 2 (providing that "motions for amendment of pleadings or joinder of additional parties shall be filed no later than January 21, 2013").)  Alere contends, however, that it has satisfied the standard set forth in Rule 16(b)(4) and in binding Sixth Circuit precedent.  (DN 68 at 17-22.)

Alere's proposed counterclaims and third-party claims relate to McLean's alleged professional activities subsequent to his termination by Alere.  Alere's position is that McLean, acting individually and through goMedco, has competed with Alere in violation of a binding non-competition agreement and has misappropriated Alere's trade secrets in violation of Kentucky law.  (DN 68-1 at ¶¶ 42-65.)  Alere further alleges that both McLean and goMedco are liable for conversion of Alere's confidential information, and finally, that goMedco has tortiously interfered with Alere's contracts and business relations with its existing and potential clients.  (*Id.* at ¶¶ 66-84.)

Alere maintains that it was unable to file a motion for leave to amend its answer prior to the January 21, 2013 deadline because McLean concealed evidence that supports the proposed counterclaims and third-party claims.  Alere states that McLean provided misleading, incomplete answers to Alere's discovery requests regarding McLean's post-termination sources of income.

3

(*See, e.g.*, DN 68 at 2-3.)  Despite stating, in verified answers to interrogatories, that he has not been employed and has not received any income (other than Social Security) since his termination, in reality, McLean and his wife allegedly formed goMedco, a Kentucky limited liability company, on April 1, 2012.  (*See, e.g.*, DN 68 at 2 (excerpting DN 69-1, McLean's responses to Alere's first set of interrogatories).)   Alere claims that it acquired knowledge of goMedco's existence and McLean's actions, through goMedco, in competition with Alere, only as a result of deposition testimony offered by Sara Riley ("Riley"), another former Alere employee.  Riley testified that she met McLean at a sales conference, where she believes he was selling a product that Alere also sells.  (DN 68 at 5-6.)  After Riley's deposition, Alere conducted its own investigation regarding McLean's employment history, both through third-party subpoenas and communications with McLean's counsel regarding supplemental discovery responses.  (DN 68 at 6-9, 14-16.)  Alere represents that due to its counsel's insistence, McLean ultimately produced a thumb drive and supplemental answers to interrogatories that, though still incomplete, further support the proposed counterclaims and third-party claims.  (DN 68 at 12-13)

Alere claims that it uncovered the evidence supporting its proposed counterclaims and third-party claims only through its own diligence and that due to McLean's deceptive discovery responses, it was impossible for Alere to move to amend its answer prior to the deadline set by the Court.  Alere maintains that McLean will not be prejudiced by the amendment of Alere's answer because discovery has not closed, no dispositive motions have been filed, and the statutes of limitations have not run on the proposed counterclaims and third-party claims.

The Court finds that Alere has demonstrated that good cause exists to allow it to file an amended answer, counterclaims, and third-party claims despite the deadline set by the Court

4

having passed over two years ago. *See* Fed. R. Civ. P. 16(b)(4). First, Alere has exhibited diligence in pursuing the proposed counterclaims and third-party claims in the face of alleged misleading, deceptive actions by McLean. Alere's diligence is apparent from its counsel's communications with McLean's counsel regarding McLean's allegedly inadequate discovery responses, as well as its issuance of third-party subpoenas seeking information regarding McLean's sources of income.

Second, the Court agrees with Alere that McLean will not be prejudiced by amendment of Alere's answer. The deadline to complete discovery in this case is stayed pending resolution by the Court of several pending motions, including the Motion to Amend. (*See* DN 73, "Order Staying Discovery and Case Management Deadlines.") Moreover, McLean has yet to be deposed, and based on counsel's representations to the Court on previous occasions, the parties appear to agree that other depositions are forthcoming as well. No dispositive motions have been filed in this case, and the Court has not made any rulings on the merits. Additionally, the allegations underlying the proposed counterclaims and third-party claims relate to McLean's own actions, and many relevant documents have already been produced. Further written discovery and deposition(s) related to the allegations are not likely to be burdensome for McLean. *See, e.g.*, *Dykstra v. Wayland Ford, Inc.*, 240 Fed. Appx. 14, 16 (6th Cir. 2007) (finding that amendment of complaint would be prejudicial to defendant, in part because litigation already spanned six years and because defendant had expended significant resources defending against existing claims).[1]

---

[1]     It is worth noting that failure to timely respond to a motion may be grounds, in itself, for granting the motion. LR 7.1(c). Here, McLean did not take advantage of his opportunity, pursuant to the Federal Rules of Civil Procedure and the Local Rules, to contest the Motion to Amend by filing a response.

Accordingly, IT IS HEREBY ORDERED that Alere's Motion for Leave to Amend Its Answer to Assert Counterclaims Against Plaintiff and Third Party Claims Against goMedco, LLC (DN 68) is GRANTED.

Alere's Amended Answer, Counterclaim Against Robert Paul McLean, Third-Party Complaint Against goMedco, LLC, and Jury Demand (DN 68-1) is hereby DEEMED FILED. Plaintiff/Counterclaim Defendant McLean and Third-Party Defendant goMedco, LLC may file responses consistent with the Federal Rules of Civil Procedure.

cc:  Counsel of record